**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4160**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC PAYNE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge. (8:16-cr-00315-TDC-1)

Submitted: May 9, 2018                                          Decided: May 22, 2018

Before TRAXLER and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jenifer Wicks, THE LAW OFFICES OF JENIFER WICKS, Takoma Park, Maryland, for Appellant. Stephen M. Schenning, Baltimore, Maryland, Acting United States Attorney, Hollis Raphael Weisman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Payne appeals his conviction for simple assault, in violation of 18 U.S.C. § 113(a)(5) (2012). Payne was convicted in a bench trial before a magistrate judge and appealed to the district court. 18 U.S.C. §§ 3401(a), 3402 (2012). The district court affirmed Payne's conviction and sentence. Payne now appeals to this court, challenging the sufficiency of the evidence supporting his conviction. Finding no error, we affirm.

"An appellate review conducted by a district court after a bench trial before a magistrate judge is not a trial de novo; rather, the district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005). "And our review of a magistrate court's trial record is governed by the same standards as was the district court's appellate review." *Id.* at 305-06. Thus, "[f]indings of fact made by the trial court are reviewed for clear error, and issues of law [] are reviewed de novo." *Id.* at 306.

A defendant challenging the sufficiency of the evidence faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Furthermore, "[d]eterminations of credibility are within the sole province of the

[factfinder] and are not susceptible to judicial review." *Id.* (internal quotation marks omitted).

"[F]ederal statutes criminalizing 'assault' incorporate the long-established common law definition of that term." *United States v. Passaro*, 577 F.3d 207, 217-18 (4th Cir. 2009). "At common law, assault consisted of either attempted battery or the deliberate infliction upon another of a reasonable fear of physical injury." *United States v. Hampton*, 628 F.3d 654, 660 (4th Cir. 2010) (internal quotation marks omitted); *see also United States v. Campbell*, 259 F.3d 293, 296 & n.3 (4th Cir. 2001) (simple assault is attempt to put another in fear of imminent serious bodily injury). Because a battery has come to be defined as a completed assault, an assault is necessarily included in every battery. *Hampton*, 628 F.3d at 660. Under common law, the crime of battery is satisfied by the slightest offensive touching. *United States v. Castleman*, 134 S. Ct. 1405, 1410 (2014).

Here, the victim testified that Payne twice struck him in the chest during an altercation in a restaurant where the victim worked. The witnesses who testified at trial did not see the altercation and therefore, their testimonies neither supported the victim's testimony nor contradicted it. Based on the victim's testimony alone, there was substantial evidence supporting the magistrate judge's finding of Payne's guilt.

We therefore affirm Payne's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

3